**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3375-17T2

IN THE MATTER OF THE
ESTATE OF SEBASTIAN
BENENATI, Deceased.

_____

Argued January 16, 2019 – Decided May 29, 2020

Before Judges Fuentes, Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Probate Part, Middlesex County, Docket No. 246163.

Andrea J. Sullivan argued the cause for appellants Marie A. Martini and Ann V. Benenati (Greenbaum, Rowe, Smith & Davis LLP, attorneys; Andrea J. Sullivan and Charles J. Vaccaro, of counsel and on the briefs).

Alicyn B. Craig argued the cause for respondents Donna Massoni and Mary Benenati (McCusker, Anselmi, Rosen & Carvelli, PC, attorneys; Alicyn B. Craig and Assad K. Siddiqi, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Sebastian and Mary Benenati were husband and wife and had three daughters, Marie A. Martini, Ann V. Benenati, and Donna R. Massoni. Sebastian[1] died on August 9, 2014, at age ninety-one. In an order dated September 2, 2014, the Middlesex County Surrogate admitted to probate Sabastian's last Will and Testament dated February 3, 1986, issued Letters Testamentary to his wife Mary, and authorized her "to administer the estate of the decedent agreeably to said Will[.]"

On March 15, 2017, petitioners Ann and Marie filed a Verified Complaint and Order to Show Cause (OTSC) in the Middlesex County Chancery Division, Probate Part, against respondents, their mother Mary and sister Donna, seeking to vacate the September 2, 2014 order of probate. Upon receipt of petitioners' verified complaint and OTSC, respondents' counsel sent petitioners' counsel a "safe harbor" letter dated May 31, 2017, apprising them that this suit was substantively meritless and procedurally barred. Pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1, respondents demanded that petitioners adjourn the scheduled return hearing date of the OTSC or withdraw and dismiss the verified complaint.

---

[1] Because some of the parties have the same last name, we will refer to them by their first name to avoid confusion. We do not intend any disrespect.

A-3375-17T2

Respondents' counsel's letter formally memorialized the substance of a telephone conversation she had with one of the attorneys who represented petitioners in this case. Respondents' counsel cautioned petitioners' counsel that the cause of action to vacate the 1986 Will was predicated on the validity of a 2013 Will, which petitioners obtained through fraudulent and dishonest conduct. Respondents' counsel emphasized that petitioners' attempt to probate the 2013 fraudulent Will in Kings County, New York in December 2014 was thwarted when they stipulated before the New York court in October 2015 to pursue their rights in New Jersey. By that time, Mary had probated the 1986 Will in this State.

Respondents' counsel also noted that petitioners' verified complaint did not specify whether the relief they sought was predicated on Rule 4:85-1 or Rule 4:50. In this respect, respondents' counsel argued that petitioners had not provided a reasonable basis or plausible explanation for bringing this legal challenge over two years after their mother probated their late father's 1986 Will. The safe harbor letter included a detailed history of the events that preceded Sebastian's demise and admonished counsel that petitioners were well aware of these events.

In January 2011, Sebastian and Mary, both eighty-seven years old at the time moved in with their daughter Donna and her husband, who became their sole caregivers. Petitioners rarely visited their parents. One day in December 2013, Marie and her husband arrived unannounced at Donna's house during a time of day when Sebastian and Mary were still asleep. Marie woke them and told them to get dressed because she was taking them out to breakfast. Marie told her mother that her sister Donna was aware of this and was alright with them going out of the house for a while. Mary was concerned, however, since Donna, as Sebastian's caregiver, knew what time Sebastian needed to take his medications. Sebastian was medically fragile around this time. He had been hospitalized in the cardiac intensive care unit at Robert Wood Johnson University Hospital and had been in a number of physical rehabilitation centers.

The breakfast outing turned out to be a ruse. Marie took her elderly, medically fragile parents to the offices of a New York attorney for the purpose of drafting and executing a will. In these documents, Sebastian and Mary ostensibly bequeath their entire estate to petitioners. In December 2014, following the death of their father, petitioners commenced an action to probate the 2013 Will in the New York courts. However, because Mary probated the

1986 Will in September 2014 in a New Jersey court, petitioners stipulated before the New York court to resolve that matter first.

Petitioners' OTSC and verified complaint came for oral argument before Judge Arthur Bergman on June 23, 2017. Petitioners' counsel argued that the 2013 Will revoked the 1986 Will. Our de novo review of the record confirms that petitioners' legal position was frivolous. Sebastian did not have testamentary capacity at the time he executed the 2013 Will and Trust. Respondents' counsel correctly argued that petitioners were barred from bringing this action under Rule 4:85-1, which provides:

> If a will has been probated by the Surrogate's Court or letters testamentary or of administration, guardianship or trusteeship have been issued, any person aggrieved by that action may, upon the filing of a complaint setting forth the basis for the relief sought, obtain an order requiring the personal representative, guardian or trustee to show cause why the probate should not be set aside or modified or the grant of letters of appointment vacated, provided, however, the complaint is filed within four months after probate or of the grant of letters of appointment, as the case may be, or if the aggrieved person resided outside this State at the time of the grant of probate or grant of letters, within six months thereafter. If relief, however, is sought based upon [Rule] 4:50-1 (d), (e) or (f) or [Rule] 4:50-3 (fraud upon the court) the complaint shall be filed within a reasonable time under the circumstances. The complaint and order to show cause shall be served as provided by [Rule] 4:67-3. Other persons in interest

5

may, on their own motion, apply to intervene in the
action.

[(Emphasis added).]

Judge Bergman correctly held that petitioners were barred under Rule 4:85-1 because they did not contest the 1986 Will within six months after it was probated and did not file the complaint within a reasonable time under the circumstances. Judge Bergman found that petitioners "knew" of the existence of the 1986 Will and nevertheless sought to probate the 2013 Will in New York, as reflected in the 2015 stipulation. The judge noted that petitioners filed the OTSC and verified complaint in March 2017, "[w]hich is at least two years more than the original [New York] filing." The judge also found petitioners did not provide a reasonable explanation for failing to take timely legal action in New Jersey. In this case, Rule 4:85-1 reduced the timeframe to attack the validity of a probated will under Rule 4:50-1 (a), (b), and (c) from one year to six months. In re Estate of Schifftner, 385 N.J. Super. 37, 42 (App. Div. 2006). Based on these indisputable facts, we discern no legal basis to interfere with Judge Bergman's decision to summarily dismiss petitioners' complaint as untimely under Rule 4:85-1.

Judge Bergman also had a sufficient basis to impose the sanctions allowed pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1. Respondent's safe harbor letter

A-3375-17T2

described in detail the frivolous nature of petitioners' legal position. Once appropriate notice was received appraising petitioners and their counsel that they lacked a "good faith" basis to proceed, the litigation became frivolous. DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 228 (App. Div. 2000). Indeed, as we recently noted, "litigation may become frivolous, and therefore sanctionable, by continued litigation over a meritless claim, even if the initial pleading was not frivolous or brought in bad faith." Bove v. AkPharma Inc., 460 N.J. Super. 123, 152 (App. Div.), certif. denied, 240 N.J. 7 (2019). Here, the record shows petitioners continued to pursue their untenable claims and declined the opportunity offered by respondents' counsel in the safe harbor letter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3375-17T2